UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

SAMUEL DOUGLAS                                                                                          PETITIONER
#157077

V.                                       No. 4:22-CV-1133-JM-JTR

DEXTER PAYNE, DIRECTOR,
ARKANSAS DIVISION OF CORRECTION                                                       RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Moody may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

### I.   Background

On February 24, 2014, Petitioner Samuel Douglas ("Douglas") entered a negotiated plea of guilty in Pulaski County Circuit Court to first-degree murder and felon in possession of a firearm. *Docs. 8-2 & 8-3*; *State v. Douglas*, Pulaski County Cir. Ct. Case No. 60CR-2013-1890. He was sentenced to a total of 40 years in the

Arkansas Division of Correction—40 years for the murder conviction and 20 years for the firearm conviction, to run concurrently. *Doc. 8-3*. The Pulaski County Circuit Court entered its sentencing order on March 19, 2014. *Id*.

Douglas did not file a direct appeal.[1] He also did not file a petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1.[2]

On November 21, 2022, Douglas, proceeding without the assistance of counsel, filed this § 2254 habeas action. *Doc. 2*. The Court subsequently ordered Douglas to complete the court-approved form for § 2254 petitions (Form AO-241) and to file an amended § 2254 habeas Petition on or before December 30, 2022. *Doc. 3*.

On December 13, 2022, Douglas filed the pending § 2254 habeas Petition (*Doc. 4*), raising two claims:

(1) His February 24, 2014 guilty plea was not knowingly, voluntarily, or intelligently made. *Doc. 4 at 5*.

---

[1] A criminal defendant is not entitled to file a direct appeal when, like Douglas, he enters an unconditional plea of guilty. *See* Ark. R. App. P.—Crim. 1(a); Ark. R. Crim. P. 24.3(b).

[2] When, as in Douglas's case, a conviction was obtained on a plea of guilty, a petition seeking relief under Rule 37.1 must be filed in the circuit court within 90 days of the date of entry of judgment. *See* Ark. R. Crim. P. 37.2(c)(i). Douglas's judgment was entered on March 19, 2014. *Doc. 8-3*. Thus, Douglas had until June 17, 2014, to file a Rule 37.1 petition, but he did not do so.

 (2) His attorney provided constitutionally ineffective assistance of counsel by failing to adequately investigate the case and discuss with him potential viable defenses before he entered his guilty plea. *Doc. 9*.[3]

Douglas concedes that his convictions became final over one year before he filed the pending § 2254 habeas action. *Doc. 4* at 12–13. Citing *McQuiggin v. Perkins*, 569 U.S. 383, 396 (2013), he contends, however, that the "miscarriage of justice" exception should apply to overcome any procedural bars to consideration of the merits of his claims. *Doc. 4* at 12–13; *Doc. 9* at 2–4.

In response, Respondent argues that Douglas's § 2254 habeas Petition is barred by the AEDPA's statute of limitations. *Doc. 8* at 3–5. Alternatively, Respondent contends that Douglas's guilty-plea challenge is procedurally defaulted. *Id.* at 5–7.[4]

For the reasons explained below, the Court concludes that Douglas's § 2254 habeas Petition is barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1). Accordingly, the Court recommends that Douglas's habeas Petition be dismissed, with prejudice.

---

[3] After he filed the pending § 2254 habeas Petition, Douglas filed a Motion to Amend his Petition to add his ineffective-counsel claim, which he concedes is both time-barred and procedurally defaulted. *Doc. 9* at 2–3.

[4] Because neither the statute of limitations nor procedural default presents a jurisdictional bar to federal habeas review, either of those issues can be bypassed "in the interest of judicial economy." *See Trussell v. Bowersox*, 447 F.3d 588, 590–91 (8th Cir. 2006).

## II. Discussion

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year limitations period for a state prisoner to file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1)(A). Generally, a prisoner seeking to challenge his state-court conviction in federal court must file a petition for habeas relief within one year after the state "judgment of conviction becomes final." *Id*. Following a guilty plea, the "judgment of conviction becomes final" 30 days after the entry of the judgment of conviction. Ark. R. App. P.—Crim. 2(a); *Camacho v. Hobbs*, 774 F.3d 931, 934 (8th Cir. 2015).

Douglas pleaded guilty on February 24, 2014. *Docs. 8-2 & 8-3*. On March 19, 2014, the trial court entered its judgment and sentencing order. *Id*. Thirty days later, on June 17, 2014, Douglas's convictions became final. Absent any applicable periods for statutory or equitable tolling, Douglas had one year from that date—until June 17, 2015—to file his federal habeas petition. *See* 28 U.S.C. § 2244(d)(1)(A).

### B. Tolling

#### 1. *Statutory Tolling*

AEDPA provides for tolling during the pendency of a "properly filed application for State post-conviction or other collateral review[.]" 28 U.S.C. § 2244(d)(2). Douglas did not file a Rule 37.1 petition for post-conviction relief in state court. Accordingly, his habeas Petition is time-barred unless he can establish:

4

(1) a legal basis for equitably tolling the one-year limitations period; or (2) his "actual innocence."

### 2. *Equitable Tolling*

The limitations period may be equitably tolled if a habeas Petitioner can show that (1) he has been "pursuing his rights diligently," but (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). "The burden of demonstrating grounds warranting equitable tolling rests with the petitioner." *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009) (*citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Douglas's § 2254 habeas action was filed in November of 2022—over eight years after the trial court entered its judgment and sentencing order. Douglas, moreover, offers no facts or law to support equitable tolling. Accordingly, he is not entitled to any equitable tolling.

### C. Actual Innocence

Douglas asserts that the Court should consider his time-barred claims on the merits because his allegedly ill-informed guilty plea amounts to a "fundamental miscarriage of justice," and he is "actually innocent." *Doc. 4* at 13; *Doc. 9* at 3.

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass," to overcome the expiration of the statute of limitations. *McQuiggin*, 569 U.S. at 386. However, a threshold showing of actual innocence requires new,

5

credible evidence sufficient enough that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt. *Id*. A habeas petitioner must come forward with "new reliable evidence" which was "not available at trial through the exercise of due diligence." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Douglas makes only a passing reference to "actual innocence," without alleging or providing any "new reliable evidence." Accordingly, he is not entitled to invoke the actual-innocence exception to overcome his otherwise time-barred habeas claims. *See Nooner v. Hobbs*, 689 F.3d 921, 937 (8th Cir. 2012) (when habeas petitioner fails to present new, reliable evidence of innocence, "it is unnecessary to conduct a further *Schlup* analysis").

### III.    Conclusion

Because Douglas's § 2254 habeas Petition is time-barred, his habeas claims should be DISMISSED, with prejudice.

### IV.    Certificate of Appealability

When entering a final order adverse to a habeas petitioner, the Court must issue or deny a certificate of appealability. *See* Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court can only issue a certificate of appealability if it finds that Douglas has made a substantial showing he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)–(2). In this case, Douglas

has not made the requisite showing necessary for the Court to issue a certificate of appealability. Accordingly, a certificate of appealability should be denied.

DATED this 2nd day of August, 2023.

_____
UNITED STATES MAGISTRATE JUDGE